IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | | |
|---|---|---|
| LARRY ARNOLD YOUNG, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:90-00481 |
| | ) | (Criminal Action No. 1:88-00112) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Movant's "Motion to Set Aside Void Judgment Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure & the Relations Back Doctrine & Rule 15(c) of the Federal Rules of Civil Procedure" (Document No. 373), filed on August 1, 2011.[1] By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 377.)

**PROCEDURE AND FACTS**

The District Court imposed a forty year term of imprisonment upon Movant on March 10, 1989, upon his guilty plea to the charge contained in an Information[2] that he violated 21

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] The Information attached to the written plea agreement (Criminal Action No. 1:88-0112, Document No. 57.) stated as follows:

> From in or about the spring of 1986 to in or about October, 1987, within the Southern District of West Virginia, and elsewhere, LARRY ARNOLD YOUNG, the defendant, unlawfully, willfully, knowingly, and intentionally engaged in a continuing criminal enterprise in that he committed violations of Title 21, United States Code, Section

U.S.C. § 848.[3] (Criminal Action No. 1:88-0112, Document No. 61.) It appears that because Movant's offense conduct as alleged in the Information occurred prior to the effective date of the United States Sentencing Guidelines, November 1, 1987, the District Court did not resort to the Guidelines in determining his sentence but rather determined his sentence pursuant to 18 U.S.C. § 3553. Movant did not appeal his sentence.

Movant has initiated several actions seeking relief under 28 U.S.C. § 2255 and requesting a reduction of his sentence. Movant filed a Motion pursuant to 28 U.S.C. § 2255 on May 17, 1990, thus initiating Civil Action No. 1:90-0481. The District Court denied his Motion by Orders entered on March 1, 1991, June 8, 1992, and January 19, 1993. (Criminal Action No. 1:88-0112, Document Nos. 88, 111, and 129.) The Fourth Circuit affirmed the District Court's decision, and the United States Supreme Court denied review. United States v. Young, 993 F.2d 1541 (4th Cir. 1993), cert. denied, 528 U.S. 890, 120 S.Ct. 212, 145 L.Ed.2d 178 (1999).

Movant filed a Motion for Reduction of Sentence on September 23, 1998. (Criminal Action No. 1:88-0112, Document No. 138A.) The District Court denied Movant's Motion by Order entered on September 25, 1998. (Id., Document No. 139.) Movant moved for

---

    841(a)(1), which were undertaken by LARRY ARNOLD YOUNG, the defendant, in concert with five more persons with respect to whom LARRY ARNOLD YOUNG, the defendant, occupied a position of organizer, a supervisory position, and a position of management, and from which violations LARRY ARNOLD YOUNG, the defendant, obtained substantial income and resources, to which the United States is entitled to forfeiture . . .

[3] Title 21 U.S.C. § 848, known as the kingpin statute, originally enacted as part of the Organized Crime Control Act of 1970, provided for a minimum sentence for first violations of ten years and a maximum sentence of life in prison and a maximum fine of $100,000. *See Garrett v. United States*, 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985). The statute specifically provided that anyone found to have violated it would not be entitled to parole, suspension of sentence or probation. The statute was amended in 1986 to increase the maximum allowable fine from $100,000 to $2,000,000. It was further amended in 1988 to raise the minimum sentence for first violations from ten years to twenty years.

reconsideration (Id., Document No. 140), and the District Court denied this further Motion by Order entered on October 29, 1998 (Id., Document No. 143.). The Fourth Circuit affirmed the District Court's decision, and the United States Supreme Court denied review. United States v. Young, 173 F.3d 853 (4th Cir. 1999), cert. denied, 528 U.S. 890, 120 S.Ct. 212, 145 L.Ed.2d 178 (1999).

Movant filed another Motion for Reduction of Sentence pursuant to Federal Rule of Criminal Procedure 35 and Constitutional Amendment 5 on June 28, 1999, thus initiating Civil Action No. 1:99-0546. (Criminal Action No. 1:99-0546, Document No. 1.) The District Court denied this Motion by Order entered on July 2, 1999. (Id., Document No. 3.)

Movant filed another Motion for Reduction/Correction/Modification of Sentence on February 14, 2000. (Civil Action No. 1:88-0112, Document No. 179.) The District Court denied this Motion by Order entered on February 14, 2000. (Id., Document No. 180.) The Fourth Circuit affirmed the District Court's decision, and the United States Supreme Court denied review. United States v. Young, 217 F.3d 843 (4th Cir. 2000), cert. denied, 531 U.S. 938, 121 S.Ct. 328, 148 L.Ed.2d 574 (2000).

On May 22, 2001, Movant filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence, thus initiating Civil Action No. 1:01-0461. Movant claimed relief on the basis of the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The District Court denied Movant's Motion by Order filed on July 17, 2001, on grounds that Apprendi was not applicable retroactively and Movant's Motion constituted a second or successive Motion for relief under Section 2255 filed without authorization of the Fourth Circuit Court of Appeals. (Civil Action No. 1:01-0461, Document

No. 10.) The Fourth Circuit affirmed the District Court's decision. United States v. Young, 26 Fed.Appx. 330 (4th Cir. 2002).

On April 4, 2003, Movant filed a Motion to Correct Sentence referring to "Old Rule" 35(a) thus initiating Civil Action No. 1:03-0301. The District Court denied this Motion by Order entered on May 1, 2006, finding that the Motion was without merit. (Civil Action No. 1:03-0301, Document Nos. 20 and 21.) The Fourth Circuit affirmed the District Court's decision, and the United States Supreme Court denied review. United States v. Young, 2007 WL 1036779 (4th Cir. 2007), cert. denied, 127 S.Ct. 2447, 167 L.Ed.2d 1144 (2007).

On December 8, 2004, Movant filed a Motion for Resentencing pursuant to 18 U.S.C. § 3582, thus initiating Civil Action No. 1:04-1282. Movant claimed relief on the basis of the Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). By Order entered on April 21, 2006, the District Court denied Movant's Motion finding that the Motion was not cognizable under Section 3582 and constituted a second or successive Motion for relief under Section 2255. (Civil Action No. 1:04-1282, Document Nos. 12 and 13.) The Fourth Circuit affirmed the District Court's decision, and the United States Supreme Court denied review. United States v. Young, 2006 WL 2586959 (4th Cir. 2006), cert. denied, 549 U.S. 1137, 127 S.Ct. 989, 166 L.Ed.2d 747 (2007).

On May 11, 2006, Movant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence By a Person in Federal Custody, thus initiating Civil Action No. 1:06-0347. (Civil No. 1:06-0347, Document No. 268.) Movant challenged the validity of his plea agreement stating that it was entered into "unknowingly and unintelligently." (Id.) Specifically, Movant

alleged that his plea is void because (1) he was incorrectly advised that the maximum possible sentence was ten years, and (2) the government recommended that Movant receive the maximum possible sentence after agreeing to make no recommendation as to sentencing.[4] (Id., p. 5.) On May 24, 2006, Movant filed a Memorandum in Support of his Motion. (Id., Document No. 274.) In his Memorandum, Movant continued to argue that his guilty plea should be vacated based upon the above arguments. (Id.) On January 23, 2008, the United States filed a Motion to Dismiss and Memorandum in Support. (Id., Document No. 299.) The United States argued that his Motion to Dismiss should be granted because Movant's "present motion represents an attempt to file a successive Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 without

---

[4] Movant attached a copy of a portion of the plea agreement which he entered with the United States stating at ¶ 4 that "[t]he maximum penalty to which Mr. Young will be exposed by virtue of his guilty plea is imprisonment for a period of not less than ten (10) years and a fine of $2,000,000." (Civil Action No. 1:06-0347, Document No. 268, p. 8.) At Movant's plea hearing, the District Court inquired respecting this language in the plea agreement and Movant's understanding of the maximum potential penalty to which he was subject addressing Assistant United States Attorney Hunter Smith as follows: (Criminal Action No. 1:88-0112, Document No. 71, pp. 10 - 11.):

> THE COURT: [I]n Paragraph 4 on Page two referring to the maximum penalty, . . . the language of the agreement . . . says that Mr. Young will be exposed by virtue of his guilty plea to imprisonment for a period of not less than ten years and a fine of $2 million. And you made reference during your presentation of the agreement that under some circumstances up to life imprisonment was possible. And I want to inquire if this matter is fully understood by the defendant and his counsel.
>
> MR. HOLROYD: I have explained that to him, Your Honor, that his exposure here is not less than ten nor more than life.
>
> THE COURT: All right. I just wanted to make sure that there was no misunderstanding about it since it's not spelled out specifically in the agreement. I take it that was . . . through inadvertence.
>
> MR. SMITH: It was a mistake, Your Honor, yes.
>
> THE COURT: I just wanted to make sure there wasn't any question concerning that and Mr. Holroyd assures me that he has discussed the matter with Mr. Young. Is that right Mr. Young?
>
> THE DEFENDANT: Yes, ma'am.

satisfying the statutory requirements for jurisdiction within the district court." (Id.) On March 19, 2008, Movant filed his "Rebuttal to United States' Motion to Dismiss Motion to Void Plea." (Id., Document No. 303.) By Proposed Findings and Recommendation entered on April 3, 2009, United States Magistrate Judge R. Clarke VanDervort recommended that Respondent's Motion to Dismiss be granted and Movant's Section 2255 Motion be denied as successive. (Id., Document No. 325.) Movant filed his Objections on April 13, 2009. (Id., Document No. 327.) By Memorandum Opinion and Order entered on July 1, 2009, United States District Judge David A. Faber adopted Judge VanDervort's recommendation and dismissed Movant's Section 2255 Motion. (Id., Document Nos. 333 and 334.)

On August 1, 2011,[5] Movant filed his instant "Motion to Set Aside Void Judgment Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure & the Relations Back Doctrine & Rule 15(c) of the Federal Rules of Civil Procedure."[6] (Civil Action No. 1:90-0481, Document No. 373.) Movant requests that the Court "set aside the VOID Judgment entered against him in the above referenced civil action on 6/8/1992." (Id.) Movant argues that in his "[o]riginal § 2255 referenced in the caption, [he] raised two solid grounds for relief with several constitutional violations [and] relief was granted on 2/28/91." (Id., p. 2.) Movant states that "[d]ue to the fact that the guilty plea, conviction, and sentence to the One-Count Information by Judgment Order entered 3/10/89 be and the same were ordered vacated, they are absolutely and positively VOID and a NULLITY." (Id., p. 3.) Movant argues that he has "never been brought back to re-plead,

---

[5] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on January 11, 2012.

[6] Rule 15(c) sets forth when an amendment to a pleading relates back to the date of the original pleading. Fed. R. Civ. P. Rule 15(c). Movant fails to explain how Rule 15(c) is applicable to his claims. The undersigned, therefore, finds that no further discussion of Rule 15(c) to be necessary.

much less to be resentenced and [he] has pulled over 20 years since [his] sentence, conviction, and guilty plea were ordered vacated on 2/28/1991 by the Honorable Judge Elizabeth V. Hallanan." (Id., p. 5.) Movant argues that the United States did not appeal Judge Hallanan's Order entered on February 28, 1991, and "therefore, this Court's Order of 6/8/92 is VOID ab initio." (Id., p. 11.)

As Exhibits, Movant attaches a copy of the following: (1) A copy of his Information as filed in Criminal Action No. 1:88-00112 (Id., pp. 13 - 14.); (2) A copy of page 6 from Judge Hallanan's February 28, 1992 Order (Id., p. 15.); (3) A copy of pertinent pages from Movant's sentencing transcripts (Id., pp. 16 - 17.); and (4) A copy of "Defendant's Proposed Findings of Fact" (Id., pp. 18 - 21.).

## **ANALYSIS**

Rule 60(b) of the Federal Rules of Civil Procedure provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:"

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reasons that justifies relief.

Fed. R. Civ. P. 60(b). "[B]efore party may seek relief under Rule (b), a party must first show 'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." Dowell v. State Farm Fire & Casualty Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993)(quoting Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)). A Rule 60(b) motion is timely when filed "within a reasonable time - - and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "What constitutes a 'reasonable time' for the filing of a Rule 60(b) motion 'depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and [the consideration of] prejudice [if any] to other parties.'" Torrence v. United States, 2007 WL1381406, * 2(S.D.W.Va. May 8, 2007)(J. Goodwin)(citing, Kagan v. Caterpillar Tractor Co., 795 F.2d 601, 610 (7th Cir. 1986)).

In his Motion, Movant indicates that he seeks relief based upon Rule 60(b)(1),(4), and (6). To the extent Movant relies upon Rule 60(b)(1), his Motion is untimely. The judgment that Movant seeks relief from was filed on June 8, 1992. Thus, Movant clearly failed to file his Rule 60(b)(1) Motion within one year of the entry of the Court's judgment. To the extent Movant relies upon Rule 60(b)(4) and (6), his Motion is also untimely because it was not brought within a "reasonable time." Movant filed his Motion more than 19 years after the entry of the judgment from which he seeks relief. Additionally, Movant fails to offer any explanation for his delay. See Terrence, 2007 WL 1381406, *2("If this motion is brought pursuant to clauses (4), (5), or (6), it would still be untimely because it was not brought within a 'reasonable time'" where the motion was filed more than five years after entry of judgment and there is no explanation for the delay). Accordingly, the undersigned finds Movant's above Motion to be untimely.

Notwithstanding the foregoing, the undersigned will briefly consider the merits of Movant's claim. Movant contends that he is entitled to relief from Judge Hallanan's Order denying his Section 2255 Motion on June 8, 1992, because Judge Hallanan invalidated his conviction and sentence by Order entered on February 28, 1992. The undersigned finds that Movant misconstrues the record when he contends that his conviction and sentence were invalidated by an Order entered on February 28, 1992. The record reveals that the Order entered on February 28, 1992, was "ORDERED SET ASIDE" by Judge Hallanan on June 8, 1992. United States v. Young, 1992 WL 511286 (S.D.W.Va. June 8, 1992). Specifically, Judge Hallanan stated as follows:

> After review *de novo*, this Court found that it did have an affirmative duty to inform Mr. Young of his parole ineligibility and that its failure to do so resulted in an uninformed plea. Accordingly, by Order entered February 28, 1991, the Court set aside the plea and conviction and vacated the March 10, 1989 Judgment Order, without prejudice. Ruling on the issue of ineffective assistance of counsel was deferred.
>
> However, after thorough review and consideration of the United States' Motion to Reconsider Order Vacating Conviction and Sentence, the Court deemed that an evidentiary hearing was necessary to resolve disputed facts concerning Mr. Young's allegation of an involuntary and unintelligent plea. At the conclusion of the hearing, the Court provided counsel an opportunity to submit their proposed findings of fact and legal memoranda in support thereof. Accordingly, the motion was taken under advisement by the Court. Findings of Fact by the parties, legal memoranda, responses, and replies, having been received and thoroughly reviewed, the Court is now in a posture to make its ruling.
>
> * * *
>
> Mr. Young raises a valid ground in his petition and the Court has previously conceded that the record accurately reveals that he was not advised by the Court during Rule 11 plea hearing that a CCE conviction carries a nonparolable sentence. However, having devoted a substantial amount of time to the evidentiary hearing, weighing the credibility of all testimony, reviewing legal memoranda and additional research, the Court is now convinced and concludes that Mr. Young did not rely upon the expectation of parole eligibility when he agreed with his counsel to enter into his guilty plea to the CCE charge. Because

9

> the Court now believes he was informed by counsel and he failed to show actual prejudice by the Court's failure to inform him of his ineligibility for parole, such failure by the Court, in this case, does not rise to a fundamental defect which inherently results in a complete miscarriage of justice.
>
> Therefore, the Court's Order of February 28, 1992 setting aside Mr. Young's plea and conviction is ORDERED SET ASIDE.

Id. Thus, there is no indication that Movant is entitled to relief based upon Rule 60(b)(1) or (4). Additionally, Movant is not entitled to relief based upon the catchall provision set forth in Rule 60(b)(6). A movant must show "extraordinary circumstances" warranting relief under Rule 60(b)(6). See Aikens v. Ingram, 652 F.3d 496, 500 (4th Cir. 2011)(en banc). "[I]f the reason asserted for the Rule 60(b)(6) motion could have been addressed on appeal from the judgment, [the Fourth Circuit] h[as] denied the motion as merely an inappropriate substitute for an appeal." Id. The undersigned finds that Movant has failed to demonstrate "extraordinary circumstances" for relief pursuant to Rule 60(b)(6). Furthermore, Movant could have challenged Judge Hallanan's Order entered on June 8, 1992, in an appeal to the Fourth Circuit. Based on the foregoing, the undersigned respectfully recommends that Movant's above Motion be denied.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Movant's "Motion to Set Aside Void Judgment Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure & the Relations Back Doctrine & Rule 15(c) of the Federal Rules of Civil Procedure" (Document No. 373) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is

hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: February 26, 2016.

_____
Omar J. Aboulhosn
United States Magistrate Judge