IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                           AT BLUEFIELD

LARRY ARNOLD YOUNG

     Plaintiff,

v.                                      CIVIL ACTION NO. 1:90-00481
                                        (Criminal No. 1:88-00112)

UNITED STATES OF AMERICA,

     Defendant.


### MEMORANDUM OPINION AND ORDER

     By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C.A. § 636(b)(1)(B).  Magistrate Judge Aboulhosn submitted to the court his Findings and Recommendation on February 26, 2016, in which he recommended that the District Court deny Young's "Motion to Set Aside Void Judgment Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure & the Relations Back Doctrine & Rule 15(c) of the Federal Rules of Civil Procedure" and remove this matter from the court's docket.

     In accordance with the provisions of 28 U.S.C.A. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Aboulhosn's Findings and Recommendation.  The failure of any party to file such objections constitutes a waiver of such

party's right to a de novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

The parties failed to file any objections to the Magistrate Judge's Findings and Recommendation within the requisite period.  Having reviewed the Findings and Recommendation filed by Magistrate Judge Aboulhosn, the court adopts the findings and recommendations contained therein.  Accordingly, the court hereby **DENIES** Young's "Motion to Set Aside Void Judgment Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure & the Relations Back Doctrine & Rule 15(c) of the Federal Rules of Civil Procedure" and directs the Clerk to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that the governing standard is not satisfied in this instance.  Accordingly, the court DENIES a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff and counsel of record.

**IT IS SO ORDERED** this 7th day of April, 2016.

>
> ENTER:
>
> *David A. Faber*
>
> David A. Faber
> Senior United States District Judge